**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

APR 1 4 2005

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

    Civ. No. 04-1097 JP/RLP
    Cr. No. 02-2262 JP

WILLIAM FIELDS,

    Defendant/Movant.

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

1.    This is a proceeding on a Motion to Vacate, Set Aside or Correct Sentence and Conviction filed pursuant to 28 U.S.C. § 2255. Mr. Fields is currently confined in Big Springs, Texas, having plead guilty to various counts of the second superseding indictment.[2] *See* Plea Agreement [Cr. Doc. 84] at ¶ 3. He was sentenced to 240 months' imprisonment.

2.    Mr. Fields contends that he received constitutionally ineffective assistance of counsel in two areas. First, he alleges that his attorney withdrew two pending motions to suppress evidence and then enticed him to enter into a plea agreement with the Government. He asserts that counsel told him he would be getting a "better deal" by pleading guilty to the

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Proposed Findings and Recommended Disposition (the "Proposed Findings") that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court to the Proposed Findings. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Proposed Findings. If no objections are filed, no appellate review will be allowed.

[2] Mr. Fields was charged with, and pled guilty to, violations of 21 U.S.C. § 846 (conspiracy to possess with intent to distribute less than 5 grams of cocaine base; 18 U.S. § 924(c)(1)(A)(i) (possession of a firearm in furtherance of a drug trafficking crime; 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2) (felon in possession of a firearm); and violations of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A) (possession with intent to distribute 50 grams and more of cocaine base.



charges against him. Second, he claims ineffective assistance of counsel for failing to object to a defective indictment.[3]

3.   To show ineffective assistance of counsel in connection with a guilty plea, a defendant must prove two elements. First, he "'must show that counsel's representation fell below an objective standard of reasonableness.'" *Hill v. Lockhart*, 474 U.S. 52, 57 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). Second, he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

4.   Mr. Fields' claim of ineffective assistance rests on his belief that the motions to suppress would have been granted and he would therefore have proceeded to trial and received a sentence of less than the 20 years in the plea agreement. The Government contends, and Mr. Fields does not refute, that he was facing a sentence of "well in excess of 20 years" had he gone to trial and that neither suppression motion would have been successful.

5.   The court agrees with the Government that both motions to suppress evidence would have been denied by the court. The record reflects that on July 20, 2002, Mr. Fields' vehicle was followed by an officer with the Hobbs Police Department, who was aware of an outstanding arrest warrant for Mr. Fields. Before the officer could stop Mr. Fields' vehicle, Mr. Fields parked and got out of the vehicle and began to walk away, leaving a passenger in the

---

[3] Mr. Fields' § 2255 Motion also contained a claim that his sentence was not in accord with *Blakely v. Washington*, – U.S. --, 124 S.Ct. 2531 (2004). That claim was dismissed by the district court. [Doc. 3].

2

car. The officer requested Mr. Fields to return to the vehicle and he complied with this request. The passenger also got out of the vehicle. Mr. Fields was arrested by the officer at this time, handcuffed, and placed in the back of the patrol car. He did not contest the validity of his arrest. Motion to Suppress [Cr. Doc. 51].

6. Mr. Fields requested that the passenger drive the car away, but before the passenger re-entered the vehicle the officer looked inside and saw an empty beer bottle. While retrieving that object he noticed a firearm under the front seat of the car. Underneath the firearm were two plastic bags, which were ultimately found to contain crack cocaine. These items were confiscated and were the subject of the first motion to suppress.

7. A police officer may conduct a search of a vehicle incident to arrest to protect himself or others or to prevent the destruction of evidence. *United States v. Edwards*, 242 F.3d 928, 937 (10th Cir. 2001); *United States v. Olguin-Rivera*, 168 F.3d 1203, 1206 (10th Cir. 1999). The search may be valid even when the defendant is handcuffed and placed in the back of the patrol car so long as the defendant was a "recent occupant" of the vehicle and even when the defendant had already exited the vehicle and was leaving the area. *Thornton v. United States*, 541 U.S. 615, --, 124 S.Ct. 2127, 2129 (2004); *Edwards*, 242 F.3d at 937.

8. The same reasoning applies to searches hotel rooms where a defendant is arrested pursuant to a lawful arrest warrant; that is, officers may search areas where the defendant had been or could reach to protect the officers or to prevent the destruction of evidence. *Chimel V. California*, 395 U.S. 752 (1969); *United States v. Parra*, 2 F.3d 1058 (10th Cir.), *cert. denied*, 510 U.S. 1026 (1993) ; *United States v. Burns*, 624 F.2d 95, 101 (10th Cir.), *cert. denied*, 449 U.S. 954 (1980).

9.  Mr. Fields was arrested pursuant to a warrant at the Relax Inn in Hobbs, New Mexico and he does not contest the validity of his arrest. Consent to enter was given by another occupant and when officers asked Mr. Fields if there were any firearms in the room he said yes and a firearm was found in a duffle bag. Based on the facts as alleged in the Motion to Suppress, and pursuant to the foregoing authorities, the second motion to suppress would have failed.

10. Having found that both motions to suppress would have been denied by the court, Mr. Fields argument that counsel was ineffective for withdrawing the motions pursuant to the plea agreement is without merit. There remains only one remaining claim, that counsel was ineffective for failing to dismiss the "faulty indictment." Mr. Fields argues that the date on the indictment doesn't make sense, but he has failed to show any prejudice resulting therefrom. Accordingly, this claim is without merit.

11. Mr. Fields has filed a "Motion to Amend" [Doc. 8]. He argues that *Blakely v. Washington*, – U.S. –, 124 S.Ct. 2531 (2004) should be applied to his case. This argument is without merit. *See* n.3, *supra*.

### RECOMMENDED DISPOSITION

I recommend that the Motion to Amend [Doc. 8] be denied, that the Motion to Vacate, Set Aside or Correct Sentence and Conviction be denied, and this case be dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge