IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

    Plaintiff,

vs.     No.     2:02-cr-02262

WILLIAM MACK FIELDS,

    Defendant.

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION PURSUANT TO 18 U.S.C. § 3582(c)(2) (Doc. No. 239) FOR LACK OF JURISDICTION

Defendant William Mack Fields moves the Court to reduce the term of his imprisonment under 18 U.S.C. § 3582(c)(2), which permits reductions to sentences "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."[1] Mr. Fields argues that the Supreme Court's recent holding in *Freeman v. United States*, 131 S.Ct. 2685 (2011) gives the Court the authority to reduce his sentence under § 3582(c)(2) because his original plea agreement "expressly uses" sentencing guidelines. Recent amendments to the sentencing guidelines allow the retroactive application of lower offense levels for cocaine base offenses, including those under which Mr. Fields was convicted. Mr. Fields makes a strong argument, which is helped by his good behavior while incarcerated. Nonetheless, Mr. Fields' sentence was based on a mandatory minimum sentence required by statute, not a sentencing guideline range. As a result, this Court does not have authority to reduce Mr. Fields' sentence under § 3582(c)(2),

---

[1] On February 27, 2012, Defendant filed "MOTION PURSUANT TO 18 U.S.C. 3582(C)(2) FOR REDUCTION OF SENTENCE" (Doc. No. 239) (Motion). On March 15, 2012, the United States filed "UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE" (Doc. No. 242) (Response).

1

and must deny his motion for lack of jurisdiction.

## BACKGROUND

On April 29, 2003, Mr. Fields pleaded guilty under a plea agreement to seven counts of crack cocaine and firearms-related offenses. In a presentence report, the United States Probation Office calculated Mr. Fields' applicable guidelines sentencing range as 108 to 135 months, but noted that three of the counts required a total statute-mandated minimum sentence of 360 months.[2] Under U.S.S.G. §5G1.1(b), if a "statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."

Mr. Fields' plea agreement stipulated that Mr. Fields and the Government, "pursuant to Federal Rules of Criminal Procedure 11(c)(1)(C) [agree] that a sentence of twenty (20) years is the appropriate disposition of this matter." (Doc. 84 at 5). The plea agreement contains several references to Mr. Fields' base sentencing guideline calculation. This Court imposed the 240-month sentence stipulated in the plea agreement.

On April 17, 2008, Mr. Fields filed a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) (Doc. 182). The Court denied the motion on August 25, 2008, concluding that Mr. Fields was not eligible for a reduction of his sentence because his plea agreement was made under Rule 11(c)(1)(C). (Doc. 198). Mr. Fields appealed this ruling, and on July 28, 2009, the Tenth Circuit Court of Appeals reversed and remanded, concluding that the District Court lacked jurisdiction to rule on Mr. Fields' motion. On remand, the Court followed the Tenth Circuit's

---

[2]Mr. Fields' count under 21 U.S.C. § 841(b)(1)(A) required a mandatory minimum of 240 months as a result of Mr. Fields' status as a repeat offender, and his two counts under 18 U.S.C. § 924(c)(1)(A)(i) required two consecutive 60-month terms.

instruction and dismissed Defendant's motion for lack of jurisdiction (Doc. No. 224).

The Fair Sentencing Act of 2010, P.L. 111-220, 124 Stat. 2372 ("FSA") increased the quantity of cocaine base subject to a 20-year mandatory sentence for repeat offenders like Mr. Fields from 50 grams to 280 grams. Separately, the FSA gave the United States Sentencing Commission ("Sentencing Commission") authority to change the Sentencing Guidelines, including the drug quantity table in U.S.S.G. § 2D1.1, to reflect the new standards for cocaine base offenses. *Id.* at § 8. The Sentencing Commission passed Amendment 748, which brought the required levels for base cocaine offenses in line with the higher requirements of the FSA.

On July 12, 2011, Mr. Fields filed a Motion for Consideration for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) And Also § 3552 (a) (Doc. No. 227). This court denied the motion without prejudice as premature, because measures for the retroactive application of Amendment 748 in §3582(c)(2) motions had not yet come into effect and were still subject to congressional approval. (*See* Doc. No. 233 at 3-4). Congress ultimately approved the measures, and they went into effect on November 1, 2011. On February 27, 2012, Mr. Fields filed the motion now before this court. (Doc. No. 239).

Although the Court of Appeals for the Tenth Circuit has previously ruled that Mr. Fields' plea agreement was not based on sentencing guidelines, its Judgment was issued before the Supreme Court's decision in *Freeman v. United States*, 131 S.Ct. 2685, 2690 (2011), holding that "a district judge's decision to impose a sentence may. . .be based on the [Sentencing] Guidelines even if the defendant agrees to plead guilty under Rule 11(c)(1)(C)." This Court now considers whether express and implicit references to sentencing guidelines in Mr. Fields' plea agreement are sufficient to render the agreement "based on" sentencing guidelines under *Freeman* and therefore subject to reduction under § 3582(c)(2). This court holds that mere

3

references to sentencing guideline calculations in a plea agreement which imposes a sentence in accord with statutorily-imposed mandatory minimum terms is not amenable to reduction under § 3582(c)(2).

## DISCUSSION

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). As a general rule, a district court does not have authority under §3582(c)(2) to modify a sentence stipulated under a Fed R. Crim. P. 11(c)(1)(C) plea agreement. *United States v. Trujeque*, 100 F.3d 869, 869 (10th Cir. 1996). However, a district court may have authority to reduce a sentence imposed by an 11(c)(1)(C) agreement if the "agreement itself employs the particular Guidelines sentencing range applicable to the charged offenses in establishing the term of imprisonment. . . ." *Freeman v. United States*, 131 S. Ct. 2685, 2698 (2011) (Sotomayor, J., concurring). *See also United States v. Cobb*, 584 F.3d 979, 983 (10th Cir. 2009), holding that a 11(c)(1)(C) plea agreement may be reduced if "[the] Defendant's sentencing disposition was tied to the guidelines at every step."

Mr. Fields argues that this Court has authority to reduce his sentence under §3582(c)(2) because his plea agreement "expressly uses" a Guideline Sentencing Range. (Deft.'s motion, Doc. 239 at 2). But "the mere fact that the parties to a [Fed. R. Crim. P. 11(c)(1)](C) agreement may have considered the Guidelines in the course of their negotiations" does not give a district court authority to reduce a sentence under § 3582(c)(2). *Freeman*, 131 S.Ct. at 2697.

As Mr. Fields' Presentencing Report and plea agreement show, the two violations of 18 U.S.C. § 924(a)(2) and the single violation of 21 U.S.C. § 841(b)(1)(A) exposed Mr. Fields to a potential mandatory minimum term of 360 months. Mr. Fields' Rule 11(c)(1)(C) plea agreement

imposed a sentence above the guideline range of 108 to 135 months and below the mandatory minimum of 360 months. These facts alone make it clear that Mr. Fields' sentence was based on a binding agreement with the government in contemplation of statutorily imposed minimum sentences, not the Sentencing Commission guidelines for cocaine base offenses subsequently lowered by the FSA. *See Freeman*, 131 S. Ct. at 2697.[3]

## CONCLUSION

Mr. Fields makes a compelling and heartrending argument for a reduction of his sentence of 20 years. While incarcerated, he obtained his general equivalency degree and completed two college courses. He also completed a Bureau of Prisons drug program. Unfortunately, Mr. Fields' sentence was based on the mandatory minimum sentence required by statute, not the Sentencing Commission Guidelines for cocaine base offenses which were subsequently lowered by the FSA.

---

[3]The plurality in *Freeman* would extend a district court's authority to reduce sentences imposed by 11(c)(1)(C) agreements if they are made "*in light of* a since-rejected guidlines range. . . ." *Freeman*, 131 S.Ct. at 2695 (Kennedy, Ginsburg, Breyer, Kagan, JJ.) (emphasis added). Notwithstanding the rule that the holding of a case in which there is no majority opinion is the position "taken by those Members who concurred in the judgment[] on the narrowest grounds,"*Marks v. United States*, 430 U.S. 188, 193 (1977), Mr. Fields' plea agreement does not appear to qualify even under the plurality's broader criteria for the reduction of 11(c)(1)(C) plea agreements under § 3582(c)(2).

IT IS THEREFORE ORDERED THAT Defendant's "Motion Pursuant to 18 U.S.C. 3582(c)(2) For Reduction of Sentence" (Doc. No. 239) is denied for lack of jurisdiction.

_____

SENIOR UNITED STATES DISTRICT COURT JUDGE