IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                                                                                      No. 02-cr-02262 JAP

WILLIAM MACK FIELDS,

      Defendant.

## MEMORANDUM OPINION AND ORDER

Defendant William Mack Fields moves the Court to reduce the term of his imprisonment to a sentence of time served under 18 U.S.C. § 3582 (c)(1)(B) and Section 404 of the First Step Act of 2018. Section 404 of the First Step Act of 2018 authorizes a sentencing court to impose a reduced sentence for crack cocaine offenses as if the revised statutory penalty provisions of the Fair Sentencing Act of 2010, Pub. Law 111-220; 124 Stat. 2372, were in effect at the time of the original sentencing. The United States opposes the motion and it is fully briefed.[1] On April 18, 2019, the United States Probation and Pretrial Services Office also prepared a memorandum regarding Mr. Fields' First Step Act eligibility to assist in the Court's review.[2] Having reviewed

---

[1] *See* WILLIAM MACK FIELDS' MOTION FOR A SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582 (c)(1)(B) AND SECTION 404 OF THE FIRST STEP ACT OF 2018 (Pro Se Motion) (Doc. 258); APPOINTED COUNSEL'S BRIEF IN SUPPORT OF DEFENDANT'S PRO SE MOTION FOR A SENTENCE REDUCTION PURSUANT TO 18 U.S.C. 3582 (c)(1)(B) AND SECTION 404 OF THE FIRST STEP ACT OF 2018 (Motion) (Doc. 262); UNITED STATES' SEALED RESPONSE TO DEFENDANT'S MOTION FOR CONSIDERATION FOR REDUCTION OF SENTENCE (Response) (Doc. 265); WILLIAM MACK FIELDS' REPLY TO THE GOVERNMENT'S RESPONSE TO HIS § 3582(c)(1)(B) AND § 404 FIRST STEP ACT MOTION (Reply) (Doc. 266).
[2] U.S. Probation and Pretrial Services, April 18, 2019 Memorandum: FIRST STEP Act Eligibility (Doc. 269).

1

the parties' briefing, the record, and the applicable law, the Court – with concern for and admiration of Mr. Fields given his exemplary life as an inmate - will deny Mr. Fields' Motion.[3]

## BACKGROUND

On April 29, 2003, Mr. Fields pleaded guilty under a plea agreement to seven counts as charged in a Second Superseding Indictment (Doc. 48): Count I, conspiracy to possess with intent to distribute less than 5 grams of crack cocaine, in violation of 21 U.S.C. § 846; Count II, possession of a firearm in furtherance of a drug trafficking offense as alleged in Count I, in violation of 18 U.S.C. § 924(c)(1)(A)(i); Count III, felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); Count IV, possession with intent to distribute 50 grams and more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), and § 841(b)(1)(A); Count V, possession of a firearm in furtherance of a drug trafficking offense as alleged in Count IV, in violation of 18 U.S.C. § 924(c)(1)(A)(i); Count VI, felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); and Count XII, felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Also on April 29, 2003, the United States filed an information under 21 U.S.C. § 851 charging Mr. Fields with a prior conviction for a felony drug. (Doc. 73).

In a presentence report, the United States Probation and Pretrial Services Office calculated Mr. Fields' applicable guidelines sentencing range as 108 to 135 months, but noted that three of

---

[3] On April 24, 2019, Mr. Fields filed WILLIAM MACK FIELDS' REQUEST THAT THIS COURT PUT HIS ATTORNEY, JAMES N. LANGELL, ON NOTICE THAT THE 18 U.S.C. § 3582(c)(1)(B) AND SECTION 404 OF THE FIRST STEP ACT OF 2018 IS STILL PENDING (Doc. 270). In that motion Mr. Fields indicated that he received a letter from his appointed counsel informing Mr. Fields that his motion for a sentence reduction under the First Step Act had been denied. As evidence, Mr. Fields attached the letter from his counsel as well as a Memorandum Opinion and Order that accompanied the letter. The Memorandum Opinion and Order (Doc. 243) was issued by this Court on May 16, 2012 adjudicating Mr. Fields' earlier motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on a change in the sentencing guidelines. The Court is unclear about what caused Mr. Fields' counsel's confusion. However, the filing of the present Memorandum Opinion and Order will serve as notice to Mr. Fields' counsel on the ultimate decision of this Court regarding Mr. Fields' present First Step Act motion.

the counts exposed Mr. Fields to a total statute-mandated minimum sentence of 360 months.[4] Under U.S.S.G. § 5G1.1(b), if a "statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." However, Mr. Fields' plea agreement stipulated that Mr. Fields and the Government, "pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) [agree] that a sentence of twenty (20) years is the appropriate disposition in this matter." (Doc. 84 at 5). The Court imposed the 240-month sentence stipulated in the plea agreement.

On April 17, 2008, Mr. Fields filed a motion for reduction of sentence under 18 U.S.C. § 3582 (c)(2) (Doc. 182). The Court denied the motion on August 25, 2008, concluding that Mr. Fields was not eligible for a reduction of his sentence because the plea agreement was made under Rule 11(c)(1)(C). (Doc. 198). Mr. Fields appealed this ruling, and on July 28, 2009, the Tenth Circuit Court of Appeals reversed and remanded, concluding that the District Court lacked jurisdiction to rule on Mr. Fields' motion. On remand, the Court followed the Tenth Circuit's instruction and dismissed Mr. Fields' motion for lack of jurisdiction. (Doc. 224). On February 27, 2012, Mr. Fields filed another motion asking the Court to reduce his term of imprisonment under 18 U.S.C. § 3582(c)(2), which permits reductions of a sentence "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." (Doc. 239). Because Mr. Fields' sentence was based on a mandatory minimum sentence required by statute rather than a sentencing guideline range, the Court lacked authority to reduce Mr. Fields' sentence under 18 U.S.C. § 3582(c)(2) and denied the motion for lack of jurisdiction. (Doc. 243).

---

[4] The presentence report noted that Mr. Fields' Count IV conviction under 21 U.S.C. § 841(b)(1)(A) required a mandatory minimum sentence of 240 months as a result of the § 851 enhancement based on the state drug possession conviction, and his two convictions under 18 U.S.C. § 924(c)(1)(A)(i) required two consecutive sixty-month terms.

On December 31, 2018, Mr. Fields filed a pro se motion asking the Court to reduce his sentence to time served under 18 U.S.C. § 3582(c)(1)(B) and the First Step Act enacted on December 21, 2018. (Doc. 258). An assistant federal public defender, appointed to assist with Mr. Fields' request, filed an additional motion on February 12, 2019. (Doc. 262). To date Mr. Fields has served over 16 years in Federal Bureau of Prisons custody, has earned 864 days of good time credit with a projected good time credit total of 940 days, and has a projected release date of February 17, 2020.

## LEGAL AUTHORITY

Section 3582(c)(1)(B) authorizes a court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute[.]" Section 404 of the First Step Act of 2018 applies retroactively the Fair Sentencing Act of 2010 and expressly permits the Court to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010…were in effect at the time the covered offense was committed." A "covered offense" means "a violation of federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act…that was committed before August 3, 2010." *See* First Step Act, Section 404 (a). The Fair Sentencing Act of 2010 increased the drug quantities necessary to trigger mandatory minimum penalties for crack cocaine offenses. The determination to reduce a sentence under the First Step Act is discretionary. A court is not required to reduce any sentence under Section 404. *See* First Step Act, Section 404(c).

## DISCUSSION

The parties do not dispute that Mr. Fields meets certain criteria to be eligible for a sentence reduction under Section 404 of the First Step Act. Specifically, Mr. Fields' relevant offense was committed before August 3, 2010 and the applicable penalties were modified by section 2 of the

Fair Sentencing Act. At the time of his sentencing in 2003, Mr. Fields' quantity of conviction for the relevant drug offense here, Count IV, was fifty grams of crack cocaine, which triggered a statutory mandatory minimum sentence of ten years. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (2002). Because Mr. Fields had a qualifying prior drug felony conviction under 21 U.S.C. § 851, his mandatory minimum sentence was increased to twenty years in prison. However, Section 2 of the Fair Sentencing Act increased the amount of cocaine base required to trigger a mandatory minimum sentence of ten years from fifty grams to 280 grams. *See* 21 U.S.C. § 841(b)(1)(A)-(B) (2012).

Applying the Fair Sentencing Act retroactively to Mr. Fields' conviction for Count IV, as directed by Section 404 of the First Step Act, means he would no longer be subject to the statutory penalties of § 841(b)(1)(A), but instead would be subject to the penalties set forth in § 841(b)(1)(B) and a mandatory minimum sentence of five years. *See* 21 U.S.C. § 841(b)(1)(B). Because he has a qualifying prior felony conviction under 21 U.S.C. § 851,[5] Mr. Fields' mandatory minimum sentence for Count IV is increased to a term of ten years. In short, under the First Step Act, Mr. Fields' mandatory minimum sentence for Count IV would be reduced from twenty years to ten years.

However, while agreeing that the First Step Act would act to reduce the mandatory minimum sentence for the Count IV drug offense, the parties dispute whether a sentence reduction is warranted in this case. This is in part because Mr. Fields is also subject to mandatory minimum sentences for his two convictions under 18 U.S.C. § 924 (c) (Counts II and V), and the parties

---

[5] The First Step Act also reduced the mandatory minimums that apply when there is an enhancement under 21 U.S.C. § 851 and amended the definition of what constitutes a "serious drug felony." *See* First Step Act, Section 401. Because Mr. Fields' prior felony was for simple possession, under the First Step Act it would no longer be considered a "serious drug felony" triggering the enhancement. However, unlike Section 404 of the First Step Act, Section 401 does not apply retroactively, and the enhancement stands.

dispute the applicable statutory minimum calculation for these offenses. Mr. Fields notes that the government chose to charge Counts II and V under 18 U.S.C. § 924(c)(1)(A)(i), which carries a minimum penalty of five years, rather than charging one of the Counts under 18 U.S.C. § 924(c)(1)(C)(i), which carries a twenty-five year minimum penalty for a second § 924 (c) conviction. As a result, Mr. Fields argues that Counts II and V only carry a ten-year total mandatory minimum penalty to run consecutively to the other terms of imprisonment. (Doc. 262 at 3). Mr. Fields argues that at the time of his original sentencing the total statutory minimum sentence to which he would have been exposed absent the plea agreement was 360 months. After the First Step Act modification to Count IV, the mandatory minimum sentence is 240 months. Mr. Fields' principal argument is that had the Fair Sentencing Act been in place at the time of his conviction, he would have been able to negotiate a more favorable plea agreement because the starting point for negotiations would have been twenty years, rather than thirty years. Mr. Fields maintains that a sentence reduction is further warranted in his case because he has shown "an extraordinary record of rehabilitation and good conduct" while incarcerated, he has had time to reflect on his transgressions, and at age 53, the chance for recidivism is low. (Doc. 262 at 8-10).

The United States asserts that Mr. Fields has miscalculated the statutory minimums with regards to his two Section 924(c) violations. The United States argues that at the time of original sentencing, while the first Section 924(c) violation (Count II) carried a five-year penalty, the second violation (Count V) carried a twenty-five-year term of imprisonment under 18 U.S.C. § 924(c)(1)(C)(i). The statute required those sentences to run consecutive to each other and to any sentence imposed on other counts. *See* 18 U.S.C. § 924(c)(1)(D)(ii) (2002). According to the United States' calculation, at the time of original sentencing Mr. Fields' total mandatory minimum sentence was fifty years rather than the thirty years Mr. Fields proposes. The United States

6

maintains that even after the First Step Act modifications to the sentence for Count IV, the statutory minimum sentence for Mr. Fields is forty years of imprisonment. The United States argues that the stipulation to 240 months' imprisonment in Mr. Fields Rule 11(c)(1)(C) plea agreement at the time of original sentencing was "immensely favorable," and that reducing Mr. Fields' sentence below twenty years means reducing the sentence below the statutory minimum.

The Court agrees with the United States' that at Mr. Fields' original sentencing, the two violations of 18 U.S.C. § 924(c) and one violation of 21 U.S.C. § 841(b)(1)(A) exposed him to a possible fifty-year mandatory minimum prison sentence. *See United States v. Deal*, 508 U.S. 129 (1993) (holding that, even when multiple counts under Section 924(c) were in the same indictment, the conviction on the first count did not have to be "final" before the mandatory increases and stacking provisions were triggered. Therefore, a defendant with two or more Section 924(c) counts in one indictment was subject to a mandatory minimum of five years on the first count and twenty-five years on each additional count). The First Step Act reduced the severity of these "stacking" provisions for Section 924(c) convictions, but the provision only applies to offenses committed before enactment of the Act if a sentence had not been imposed before enactment. *See* First Step Act, Section 403. Nevertheless, because the United States charged both Section 924(c) offenses under 18 U.S.C. § 924(c)(1)(A)(i), the original presentence report upon which the parties and the sentencing Court relied showed that the two violations of 18 U.S.C. 924(c) only exposed Mr. Fields to a potential mandatory minimum term of ten years in addition to the twenty years for the 18 U.S.C. § 841(b)(1)(A) violation. Because it does not alter the Court's decision on Mr. Fields' Motion, the Court will complete the analysis utilizing Mr. Fields' interpretation of the statutory minimum penalties for the two Section 924(c) offenses (Counts II and V).

Under the First Step Act, the guideline sentencing range for Mr. Fields' offenses, taking into account Mr. Fields' total offense level of 21 as to Counts I, II, IV, VI, and VII, and his criminal history category of III, would be 120 to 135 months under U.S.S.G. § 5G1.1(b) because of the ten-year mandatory minimum for Count IV with the § 851 enhancement. (Doc. 269). In addition, Mr. Fields is exposed to an additional consecutive sentence of 120 months' imprisonment, under 18 U.S.C. § 924(c)(1)(A)(i) for Counts II and V, resulting in a total sentencing guideline range of 240 to 255 months. Under U.S.S.G. § 5G1.1(c)(2), the Court may impose a sentence "at any point within the applicable guideline range, provided that the sentence…is not less than any statutorily required minimum sentence." Not only is the 240-month sentence Mr. Fields stipulated to in his Rule 11(c)(1)(C) plea agreement at the very bottom of the applicable sentencing guideline range, but it is also the statutorily required minimum sentence even with the First Step Act modification for Count IV. After reviewing the record, the sentencing guidelines and the applicable law, the Court concludes that it lacks authority to grant a sentence reduction below the statutory minimum sentence and the bottom of the guidelines range established by the Rule 11(c)(1)(C) agreeement. Accordingly, the Court will deny Mr. Fields' Motion.

## **CONCLUSION**

Mr. Fields once again makes a compelling argument for a reduction of his sentence of twenty years. (*See* Reply, Doc. 266). The Court commends Mr. Fields for maintaining clear conduct with absolutely no disciplinary records during his entire term of imprisonment to date. (Doc. 269). Mr. Fields has completed forty-eight education programs and has earned his general equivalency degree. Mr. Fields has also completed the Bureau of Prisons drug program.

However, although the applicable sentencing guideline range and the mandatory minimum sentence to which Mr. Fields would have otherwise been exposed have been reduced as a result of

the First Step Act, the statutory minimum sentence remains at least twenty years. The Court cannot impose a sentence lower than the statutory mandatory minimum applicable to Mr. Fields' offenses of convictions. *See* 18 U.S.C. § 3553(e) (discussing a court's limited authority to impose a sentence below a statutory minimum only in circumstances where a defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense); *see also United States v. A.B.,* 529 F.3d 1275 (10th Cir. 2008) (reaffirming that "only substantial assistance considerations may support a downward departure below a mandatory minimum sentence pursuant to § 3553(e)").

IT IS THEREFORE ORDERED THAT Defendant William Mack Fields' Motion for a Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(B) and Section 404 of the First Step Act of 2018 (Doc. 258) is, regretfully, DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE